UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DAVID J. ELKINS,

    Plaintiff,

v.                                                                   CASE NO.: 8:11-cv-2817-T-23AEP

TROY ELENZ, *et al.*,

    Defendants.
                                             /

**ORDER**

    David Elkins sues two federal probation officers, Troy Elenz and Michael Palmiotto, and a Drug Enforcement Administration agent, Robert Robbins (together, "the officers") under 28 U.S.C. § 1983 and *Bivens v. Six Unknown Narcotics Agents*, 403 U.S. 388 (1971).  The officers move (Doc. 34) to dismiss.  (Elkins sues the officers also in the official capacity, but Elkins cites no waiver of sovereign immunity allowing an official-capacity action to proceed.  *See Simanonok v. Simanonok*, 918 F.2d 947, 950 (11th Cir. 1990).)

    An order in another of Elkins's lawsuits, *Elkins v. United States*, 8:11-cv-2018 (M.D. Fla.) (Doc. 24), provides most of the necessary facts:

> Elkins assaulted two Drug Enforcement Administration agents.  As part of his sentence for the assault, Elkins spoke to a psychologist, who found Elkins delusional and prone to explosive outbursts.  Seeking an alternative opinion, Elkins hired a second psychologist, who opined that

> Elkins suffers from paranoia, but not a "clinically significant" amount. Apparently, Elkins initially wanted to share the second psychologist's opinion with a probation officer [Elenz]. Regardless, after receiving the opinion, Elkins arrived at the probation office for a meeting but disappeared from the waiting room shortly before the meeting was supposed to start. Elkins states that he left because his probation officers planned to force him both to submit the second psychologist's opinion and to receive medication. The probation office called Elkins and told him to return, but Elkins – in violation of his probation – refused. A warrant issued, Elkins suffered arrest, and Elkins admitted to violating his probation.

Elkins's amended complaint ("the complaint") in this action adds two allegations; first, that Robbins regularly monitored Elkins from a plane; second, that Elenz and Palmiotto threatened to send Elkins to jail if Elkins failed to submit the second opinion and that, out of fear, Elkins submitted the second opinion. The complaint alleges that Robbins's aerial surveillance constitutes an unreasonable search under the Fourth Amendment, that Elenz and Palmiotto's demanding the second opinion violates the right to privacy under the Fourth Amendment, that Elenz and Palmiotto's demand and threat violates the right to due process under the Fifth Amendment, and that the officers' acts violate the Administrative Procedure Act (APA) and the Privacy Act.

Qualified immunity protects each officer from liability unless the officer acted incompetently or in deliberate violation of the law. That is, Elkins must show a violation of a constitutional or statutory right that was "clearly established" in Supreme Court or Eleventh Circuit precedent when the violation occurred. *Walden v. CDC*, 669 F.3d 1277, 1285 (11th Cir. 2012); *Coffin v. Brandau*, 642 F.3d 999, 1013

(11th Cir. 2011). A precedent must obviously govern this action because the officers need fair warning of an act's illegality – an officer need not "err on the side of caution." *Doe v. Braddy*, 673 F.3d 1313, 1317-18 (11th Cir. 2012); *Coffin*, 642 F.3d at 1015.

A person traveling in public view "has no reasonable expectation of privacy in his movements from one place to another." *United States v. Knotts*, 460 U.S. 276, 281 (1983). At the time Robbins allegedly followed Elkins the courts of appeals disagreed about whether prolonged tracking constitutes a search under the Fourth Amendment. *See generally United States v. Maynard*, 615 F.3d 544, 557-58 (D.C. Cir. 2010). No Eleventh Circuit authority on the topic existed (or exists). Although the recent *United States v. Jones*, 132 S.Ct. 945 (2012), concludes that attaching a tracking device to a vehicle counts as a search, under *Jones* comprehensive visual observation in public remains broadly permissible. *Jones* declines to consider if or when a prolonged surveillance becomes a search. 132 S.Ct. at 953-54. In any case, the alleged surveillance in this action occurred both before *Jones* and without a tracking device. Robbins allegedly watched Elkins from the air, as the binding authority allows. *See Florida v. Riley*, 488 U.S. 445 (1989). The aerial surveillance – if real – violated no clearly established constitutional right.

Another recent decision, *NASA v. Nelson*, 131 S.Ct. 746 (2011), addresses whether Elkins enjoys a right to "informational privacy" that protects the second

psychologist's opinion. In short, the verdict on informational privacy is an unequivocal "who knows." *Nelson* "assume[s] for present purposes" a constitutional right to privacy in information and leaves unresolved a circuit split containing a wide range of opinions, including one of "grave[] doubt" that the right exists. 131 S.Ct. at 756 & n.9; *see also* 131 S.Ct. at 764 (Scalia, J., concurring) ("a federal constitutional right to 'informational privacy' does not exist"). The split includes no Eleventh Circuit decision. In consequence Elkins cannot say that Elenz and Palmiotto violated a clearly established constitutional right under either the Fourth or the Fifth Amendment by (allegedly) obtaining a medical record without Elkins's consent.

A plaintiff cannot overcome an officer's qualified immunity by merely citing a general constitutional right and asserting that the officer's conduct violated the right. *Anderson v. Creighton*, 483 U.S. 635, 639-40 (1987); *Smith v. Mattox*, 127 F.3d 1416, 1419 (11th Cir. 1997). Elkins offers no specific reason why Elenz and Palmiotto's conduct violates the right to due process. Given the conditions of Elkins's probation, Elenz and Palmiotto's alleged acts appear reasonable. To help control his paranoia and anger Elkins must participate in a mental health program supervised by the probation office. And Elkins must follow the instructions of his probation officer. Hence Elenz and Palmiotto had both reason to request the second psychologist's opinion and authority to state that a failure to provide the opinion might result in revocation. (In addition, Elkins's bare assertions that Elenz and Palmiotto

demanded the opinion, obtained the opinion, or threatened Elkins enjoy no factual support in the complaint.)

Of the APA claim the United States notes aptly that Elkins "does not explain what agency action is being challenged, or even what agency is at issue." The claim under the Privacy Act fails because Elkins cites no provision under which he seeks or can seek a remedy for the officers' conduct. The claim fails also because Elkins never supports with factual allegations the purported demand for, or acquisition of, the second opinion.

Between this action and *Elkins v. United States*, 8:11-cv-2018 (M.D. Fla.), Elkins enjoyed five attempts to state a claim against the United States or its officers. None of the attempts approaches success. Accordingly, the motion (Doc. 34) is **GRANTED**, and this action is **DISMISSED WITH PREJUDICE**. The clerk is directed to close the case.

ORDERED in Tampa, Florida, on July 19, 2012.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE